UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:           CONSENT PRELIMINARY ORDER
          - v. -                              OF FORFEITURE AS TO SPECIFIC
:           PROPERTY/
VINCENS VUKTILAJ,                             MONEY JUDGMENT
:
          Defendant.
:           23 Cr. 560 ( LJL)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about October 23, 2023 VINCENS VUKTILAJ (the "Defendant") was charged in an Information, 23 Cr. 560 (LJL) (the "Information") with Hobbs Act robbery conspiracy, in violation of Title 18, United States Code, Sections 1951 and 2 (Count One); and illegal reentry, in violation of Title 8, United States Code, Section 1326(a) & (b)(2) (Count Two);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18 United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, on or about October 23, 2023, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): (i) a sum of money equal to

$490,000 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Information; and (ii) all right, title and interest of the Defendant in the following specific property:

a. Chanel Handbag Trendy Pink
b. Chanel Backpack Gabrielle Black
c. Chanel Handbag Trendy Bay
d. Chanel Handbag Red Bay
e. Chanel Handbag Classic Medium Flap White
f. Chanel Handbag Classic Medium Flap Blue
g. Chanel Mini White
h. Chanel Mini Lilac
i. Chanel Belt Gold
j. Hermes Birkin Black
k. Hermes Kelly Pink
l. Dior Mini Lady White
m. Dior Mini Lady Nude
n. Dior Tote (Lana Lion) Pink
o. Gucci Waist Bag Brown
p. Dior Saddle White
q. Louis Vuitton Neverfull Tote Brown
r. Hermes Constance Black
s. Louis Vuitton Neverfull Tote Brown
t. Cartier Love Bracelet Yellow Gold Diamond
u. Cartier Diamond Pave Bracelet
v. Audemars Piguet Watch Offshore Pink Strap Black Face
w. Tennis Diamond Bracelet 8 Carats White Gold
x. Diamond Tennis Necklace
y. 10-Motif Van Cleef Necklace Yellow Gold White Mother Of Pearl
z. 5-Motif Bracelet Diamond Alhambra Yellow Gold And Diamonds
aa. 5-Motif Bracelet Onyx Alhambra Yellow
bb. 5-Motif Bracelet Alhambra Blue Stone Yellow Gold
cc. Cartier Juc Bracelet Yellow Gold Diamonds
dd. Van Cleef Ring Alhambra Yellow Gold Diamonds Clover
ee. Eternity Ring 5 Carats White Gold Diamonds
ff. Cartier Love Ring Yellow Gold 4 Diamond
gg. Cartier Juc Ring Yellow Gold Diamonds
hh. Graff Earrings White Gold & Diamonds
ii. Dior Duffle Bag
jj. Cartier Thin Love Bracelet
kk. Louis Vuitton Wrap Coat
ll. Louis Vuitton Silk Jacket
mm. Louis Vuitton Bomber Jacket

      nn.    Baby Dior Bomber Jacket
      oo.    Van Cleef Diamond Pendant
      pp.    Van Cleef Frivole Necklace
      qq.    Van Cleef Mother Of Pearl Earrings
      rr.    Van Cleef Carnelian Earrings
      ss.    Van Cleef Diamond Earrings
      tt.    Graff Diamond Ring

(a. through tt. collectively, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $490,000 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendants Gramos Muhaxheri and Ariot Maloku (the "Co-defendants"), to the extent forfeiture money judgments are entered against the Co-defendants in this case;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitute proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Michael D. Maimin, of counsel, and the Defendant and his counsel, Marisa Cabrera, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $490,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-defendants, to the extent forfeiture money judgments are entered against the Co-defendants in this case, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant VINCENS VUKTILAJ, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____        October 27, 2023
MICHAEL D. MAIMIN                          DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2340


VINCENS VUKTILAJ

By: _____        10/27/23
VINCENS VUKTILAJ                           DATE


By: _____        10/27/23
MARISA CABRERA, ESQ.                       DATE
Attorney for Defendant
52 Duane Street, 10th Floor
New York, NY 10007


SO ORDERED:

_____             10/27/2023
HONORABLE                                  DATE
UNITED STATES DISTRICT JUDGE